# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 27, 2013

No. 12-50355

Lyle W. Cayce
Clerk

REGINA JACKSON, Individually; RUDOLF WILLIAMSON, Individually; D'AMBRA JACKSON, as Representative of the Estate of Rachel Jackson,

Plaintiffs-Appellants

v.

JOHN S. FORD, M.D.; TRAVIS COUNTY, TEXAS,

Defendants-Appellees

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:10-CV-522

---

Before JONES, DENNIS, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The plaintiffs brought suit against the defendants, asserting federal claims under 42 U.S.C. § 1983 and state law negligence claims arising out of the death of Rachel Jackson ("Jackson"). Jackson died at the age of twenty-one while being treated for schizophrenia during pre-trial incarceration at the Travis County Correctional Complex ("TCCC"). The district court granted summary judgment in favor of the defendants with regard to the § 1983 claims. The jury found in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50355

favor of the defendants with regard to the state law claims of negligence, and the district court denied the plaintiffs' motion for a new trial. The plaintiffs now appeal. We AFFIRM.

## I.

Jackson was arrested by Austin police on July 15, 2008, for creating a public disturbance and because there was an outstanding warrant for her arrest for a probation violation. She previously had been diagnosed with schizophrenia. The officers first took her to a hospital, where she was diagnosed as being tachycardic (elevated heart rate), hypokalemic (low potassium levels), and hyponatremic (low sodium levels), and as having likely taken illegal drugs. She was treated and discharged that day, and was then taken to Travis County Jail. While at the jail, Dr. John Ford, a psychiatrist and independent contractor for Travis County, examined Jackson, diagnosed her as being schizophrenic, and prescribed two antipsychotic medications, Abilify and Risperdal. He kept her on suicide precautions and in psych lockdown.

At 11:45 p.m. on July 15, 2008, Jackson was transferred to the TCCC. Ford visited Jackson at the TCCC on July 16, July 17, and July 18, 2008. On July 18, Ford discharged her from full suicide precautions but left her on psych lockdown, which according to Travis County Sheriff's Office ("TCSO") official policy required that she be visually observed by a TCCC officer once every thirty minutes. Ford also prescribed a third antipsychotic medication, Mellaril, with the goal of weaning her off the other antipsychotic drugs and finding a drug regime that she would continue to follow after her release. TCSO Director of Pharmacy Services Diana Gonzalez filled Jackson's prescription for Mellaril. A computer program alerted Gonzalez to the fact that Mellaril had a level 2 drug-drug interaction with Risperdal, which meant that taking both drugs created an increased risk of severe adverse reactions. Gonzalez filled the prescription without informing Ford or the TCCC nurses who dispensed the medication.

2

No. 12-50355

Jackson made several medical complaints. On July 18, she reported that her heart was racing. TCCC staff notified medical personnel. A nurse examined her but did not record the examination. The next day, Jackson complained of chest pains, inability to breath, and feeling claustrophobic. Though TCSO official policy required that such complaints be reported to medical personnel, no report was made. Jackson was found dead at 5:44 a.m. the following morning, July 21, 2008. Although the jail records indicated that staff checked on her every thirty minutes throughout the night and found a "living, human body," in accordance with TCSO policy, Jackson had already entered rigor mortis and was determined to have been dead for several hours at the time she was found.

Jackson's parents, Regina Jackson and Rudolf Williamson, sued Ford and Travis County, asserting § 1983 claims for violations of the Eighth and Fourteenth Amendments and claims of medical negligence, general negligence, and gross negligence. Jackson's sister, D'Ambra Jackson, joined on behalf of Jackson's estate. The district court granted the defendants summary judgment on the § 1983 claims and allowed the negligence claims to proceed to trial. The jury found in favor of the defendants. The plaintiffs filed a motion for new trial, contending that the jury's verdict was against the great weight of evidence, that the district court failed to sufficiently cure an erroneous evidentiary ruling, and that the defense counsel improperly referred to the dismissed § 1983 claims during trial. The district court denied the plaintiffs' motion. The plaintiffs now appeal.

## II.

The plaintiffs first contend that a new trial is warranted because the jury's verdict was against the great weight of evidence. We "review the denial of a motion for new trial for abuse of discretion." *Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 839 (5th Cir. 2004). We will reverse only if the appellants "demonstrate an absolute absence of evidence to support the jury's

3

verdict." *Duff v. Werner Enterprises, Inc.*, 489 F.3d 727, 729 (5th Cir. 2007) (internal citation and quotation marks omitted). Here, the plaintiffs have made no such showing. The plaintiffs had to satisfy three elements to prove their negligence claims: (1) a legal duty; (2) a breach of that duty; and (3) "damages proximately caused by that breach." *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Because the defendants presented compelling expert testimony and other evidence that their alleged negligence did not proximately cause Jackson's death, the plaintiffs have not shown an absolute absence of evidence to support the verdict. The district court therefore did not abuse its discretion in finding that the jury's verdict was not against the great weight of evidence.

The plaintiffs also argue that the district court should have granted their motion for a new trial because it failed to sufficiently cure an erroneous evidentiary ruling regarding Gonzalez's testimony as to the standard of care due patients in institutional settings. The district court initially sustained Travis County's objection to Gonzalez's testimony, but reversed its decision the following day. The district court cured its error by recalling Gonzalez to the stand within the hour and allowing the plaintiffs to resume that line of questioning. We review a district court's evidentiary rulings only for abuse of discretion. *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1092-93 (5th Cir. 1994). A judgment will be vacated based on an error in an evidentiary ruling only where the "substantial rights of the parties were affected." *Id.* at 1093 (internal quotation marks omitted). The district court corrected its ruling within twenty-four hours and recalled Gonzalez within an hour of this correction. The plaintiffs provide no evidence to support their allegation that Gonzalez was coached in the meantime. Moreover, Gonzalez did not testify as to causation. Because the jury's ruling was not against the great weight of evidence because there was competing causation evidence, the erroneous but quickly cured evidentiary ruling could not have affected the plaintiffs' substantial rights.

No. 12-50355

Finally, the plaintiffs contend that the district court abused its discretion in refusing to grant a new trial on the basis of defense counsel's improper reference to the dismissed § 1983 claims during trial. "Improper comments from the bench or by counsel will not warrant reversal unless they so permeate the proceedings that they impair substantial rights and cast doubt on the jury's verdict." *Bufford v. Rowan Co., Inc.*, 994 F.2d 155, 157 n.1 (5th Cir. 1993). The isolated comment did not permeate the proceedings. Indeed, the plaintiffs specifically opted against a curative instruction that might draw unnecessary attention to the comment. In addition, the comment was made during a witness' testimony regarding the standard of care and did not bear upon the evidence of causation. Therefore, it did not impair the plaintiffs' substantial rights or cast doubt upon the verdict.

For these reasons, we conclude that the district court did not err in denying the plaintiffs' motion for a new trial.

## III.

The plaintiffs also appeal the district court's grant of summary judgment to Travis County as to the § 1983 claims.[1] We review a district court's grant of summary judgment de novo, applying the same standard as the district court. *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012). Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

To prove a § 1983 claim against Travis County, the plaintiffs must establish municipal liability by showing that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d

---

[1] The district court also granted summary judgment in favor of Ford. The plaintiffs do not appeal or discuss this issue in their appeal brief and therefore waive it. *See United States v. Pompa*, 434 F.3d 800, 806 n.4 (5th Cir. 2005).

No. 12-50355

838, 847 (5th Cir. 2009). The plaintiffs contend that the actions of several TCCC officers and nurses violated Jackson's rights by failing to report her health complaints to the proper medical authorities and by failing to check on her every thirty minutes. However, these actions were not in accordance with any official policy. Indeed, the officers violated Travis County's written policies, which required that all prisoner complaints of chest pains be reported to medical personnel, and that individuals housed in psych lockdown be visually checked every thirty minutes. Therefore, the official policies of Travis County were not the moving force behind the alleged violation of Jackson's constitutional rights.

The plaintiffs also claim that Gonzalez is an official policymaker for Travis County and violated Jackson's constitutional rights by not informing Ford or the nurses of the potentially dangerous interaction between Mellaril and Risperdal. However, in Texas, "[t]he sheriff is without question the county's final policymaker in the area of law enforcement." *Colle v. Brazos Cnty., Tex.*, 981 F.2d 237, 244 (5th Cir. 1993); *see also* Tex. Loc. Gov't Code Ann. § 351.041 (West 2011). Travis County Sheriff Greg Hamilton, in a sworn affidavit, stated that he did not delegate policymaking authority to Gonzalez, and Gonzalez testified that she had not been given policymaking authority. Plaintiffs could show only that Gonzalez had some discretionary authority, which is insufficient to prove that she had been delegated final policymaking authority. *See Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984). Because the plaintiffs did not show that an official Travis County policy promulgated by the municipal policymaker was the moving force behind a violation of Jackson's constitutional rights, the district court did not err in granting summary judgment on the § 1983 claims in favor of Travis County.[2]

---

[2] Plaintiffs claimed for the first time in its appeal brief that Ford was an official policymaker. Because the plaintiff never raised this claim before the trial court, it is waived on appeal. *See Mick Haig Prods. E.K. v. Does 1-670*, 687 F.3d 649, 652 (5th Cir. 2012).

6

No. 12-50355

## IV.

For these reasons, we AFFIRM the district court's grant of summary judgment and dismissal of the plaintiffs' § 1983 claims; and AFFIRM the district court's denial of the plaintiffs' motion for a new trial.